## BATTLE *v.* DANIEL.

LUMPKIN, J. 1. While the evidence was conflicting, and did not require a verdict for the plaintiff, yet it was sufficient to support such a verdict.

2. The question whether an agreement to pay is an original promise or is, as to a part of it, a promise to pay the debt of another, can not be raised in this court under a general assignment that the verdict, which covered certain amounts admitted to be due, was contrary to law and evidence, and without evidence to support it, the statute of frauds not having been pleaded in the trial court.

(*a*) Though the promise which was in large part relied on by the plaintiff to sustain a recovery was shown to have been made by the attorney of the defendant, the authority of the attorney was not directly repudiated by the defendant (certainly not as to the entire promise), if made as the plaintiff contended, since the defendant admitted owing a part of the indebtedness covered thereby, and pleaded a tender to that extent.

*Judgment affirmed. All the Justices concur.*

JUNE 14, 1916.

Complaint. Before Judge Thomas. Colquitt superior court. July 27, 1915.

*Parker, Maire & Mather,* for plaintiff in error.

*James L. Dowling,* contra.